**In re Emily Gladys CAMPBELL, Debtor.**

**Bankruptcy No. 80–00049–KZ.**

United States Bankruptcy Court, S. D. California.

Feb. 20, 1980.

George Ritner, San Diego, Cal., for debtor.

---

**26.** 11 U.S.C. § 544.

58

Harry W. Heid, San Diego, Cal., Chapter 13 trustee.

## MEMORANDUM OF OPINION FOR ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

HERBERT KATZ, Bankruptcy Judge.

On January 8, 1980, Emily Gladys Campbell, filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq.

Along with that petition, she filed a Chapter 13 Plan by the terms of which she proposes to pay to the Chapter 13 trustee, the sum of $158.00 per month. The Plan further provides that the trustee, from those funds, is to pay the sum of $124 to GMC per month on a debt secured by a 1977 Chevrolet Camaro automobile which, according to the debtor has a value of $4,500. Debtor proposes to pay 10% interest on that amount.

Then the Plan provides that the trustee shall pay a dividend of 1% to the debtors unsecured creditors which are as follows:

|  | Amount owing: | Proposed Dividend: |
| --- | --- | --- |
| GMC (unsecured portion of the car debt) | 3,500.00 | 35.00 |
| Fireside Thrift | 1,055.00 | 10.55 |
| Public Finance | 400.00 | 4.00 |
| Goodyear | 40.00 | .40 |
| Meryvn's | 300.00 | 3.00 |
| TOTAL | 5,295.00 | 52.95 |

If the payments to both secured creditors and unsecured creditors are added together, the debtor proposes to pay approximately 46.6% of her total debts. But it must be remembered that only 1% is to be paid to unsecured creditors.

To convince the court that the debtor will be able to make all payments under the plan, a finding which must be made by the court, [§ 1325(a)(6)], the debtor submitted a budget which indicated monthly take home pay of $812.00 and expenses to support herself and one minor child of $654.00, leaving a surplus of exactly $158.00, which is the monthly payment under the proposed plan.

According to the debtor's attorney, this plan should complete in about 40 months.

§ 1325 of the Bankruptcy Code provides that the court *shall* confirm the plan if satisfied that all of the requirements therein set forth have been met.

■ Based on the evidence adduced and the records and filed in this case, I find that all of the elements of confirmation are satisfied except the element of "good faith" found in § 1325(a)(3).

Since the Code has only been in effect since October 1, 1979, it is not surprising that there are few reported, or even decided, cases construing the confirmation elements, and particularly the "good faith" provisions of § 1325(a)(3). However, two recent cases have been called to my attention. I believe them both to be well reasoned and I will draw heavily from each. I refer to *In re Linda Beaver*, So.Dist.Cal. (1980), Meyers B.J. and *In re Paul Eugene Burrell*, No.Dist.Cal. (1980), Hughes B.J.

Both cases trace the history of Chapter 13 from, and contrast it to, Chapter XIII of the Bankruptcy Act and have concluded that Congress, in enacting Chapter 13, intended that debtors propose more than nominal partial payment plans. It was intended that debtors propose legitimate plans which seek to further the purposes and aims of Chapter 13, namely to allow a debtor to adjust his debts with his creditors in a meaningful manner.

In order to encourage this, Congress has told the debtor that if it acts in a meaningful manner and in good faith which I construe to be a fair, honest and equitable treatment, then the debtor will be entitled to a discharge under § 1328(a) of the Code which not only discharges the portion of the total debt not paid under the plan but also those debts excepted from discharge under § 523(a) except alimony and child support obligations [§ 1328(a)(2) and § 523(a)(5)], and certain long term debts [§ 1322(b)(5)]. In addition, there are no provisions in Chapter 13 permitting any one to object to a debtors discharge such as is available under Chapter 7 Liquidations by § 727.

Congress also told us that if the debtor cannot make all the payments it proposes, it may still be eligible for a discharge under § 1328(b) but only if the failure is not the debtor's fault, his payments to his unsecured creditors are not less than would have been paid to the unsecured creditors under a Chapter 7 liquidation, and the plan is not subject to amendment. If such a "hardship" discharge is entered, the debtor is not discharged from the debts excepted from discharge by § 523(a).

I recognize that the structure of the code is such that the provisions of Chapters 1, 3 and 5 apply to the operative chapters of the code, to wit Chapters 7, 9, 11 and 13, unless made specifically inapplicable thereto. Based on that structure, the provisions of Chapters 7, 11 and 13 are apparently mutually exclusive, that is a section of Chapter 7 will not apply in Chapter 11 or 13, or vice versa.

It seems to me however that a statute must be read as a whole together with the objects and policies behind its enactment. *Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1973). It is also a cardinal rule of construction that a statute should not be construed to reach absurd results.

One of the sections dealing with discharge is § 727. That section provides that no Chapter 7 discharge is available to a debtor who has been granted a Chapter 13 discharge within 6 years unless payments under that Chapter 13 totaled 100% of allowed unsecured claims or 70% of such claims and the plan was the debtors best effort and was proposed in good faith § 727(a)(9).

To show the absurdity of the results which will obtain if the debtors contention that I must confirm this plan is adhered to, an example is in order.

Suppose the debtor proposes a plan for a 1% dividend were confirmed. Upon completion of the payments, which amounts to $52.95 in this case, a discharge of all debts except alimony, child support and certain long term debts, will be granted.

Now suppose another debtor who desires to deal in good faith with his creditors, proposes and has confirmed its plan calling for a 70% dividend to unsecured creditors. When the debtor has paid 50% of its unsecured claims, financial difficulties are encountered and a request is made for a § 1328(b) type discharge. If granted, that debtor is subject to all claims of creditors who allege their debts to be non-dischargeable.

If a debtor obtains a discharge under Chapter 7 Liquidation, he cannot again obtain a Chapter 7 discharge for 6 years. Of course by filing a Chapter 7, a debtor proposes only to pay his unsecured creditors such sums as are generated by liquidating nonexempt assets which generally are not present making for little, if any, distribution to unsecured creditors.

But if the debtor files a Chapter 13 calling for payment of a nominal amount to unsecured creditors which amount is at least what the creditor would receive on liquidation, there seems to be no limitation on the number of times such a debtor may obtain a discharge.

I wonder what the difference is between a Chapter 7 and a 1% Chapter 13 plan. I would submit none.

As Judge Hughes pointed out in *In re Paul Eugene Burrell,* op. cit., the embezzler proposing and consummating a Chapter 13 plan obtains a discharge of that debt while if that same person seeks relief under Chapter 7, he remains liable on that debt.

To read Chapter 13 in such isolation and not as part of an entire statutory scheme leads to the very absurd results that the rules of statutory construction are intended to obviate.

I am not at this point prepared to say, as Judge Hughes said in *In re Paul Eugene Burrell,* op. cit., that Congress' intent in drafting the provisions of Chapter 13 was that every plan proposed must provide for payments of at least 70% or more of allowed unsecured claims.

But I am prepared to agree with him that Congress intended that the debtor

deal fairly, and honestly with his creditors and that payments under a Chapter 13 plan are to be substantial, depending on the facts of each case.

I am also prepared to say that a plan which is nothing more than a Chapter 7 Liquidation in the guise of a Chapter 13 is not filed in good faith and cannot be confirmed.

Accordingly, this plan cannot be confirmed.