**In re George Sam HOWARD and Peangkaeo Howard, Debtors.**

**Bankruptcy No. 79–03156–PZ.**

United States Bankruptcy Court, S. D. California.

Feb. 26, 1980.

Ralph E. Garner, San Diego, Cal., for debtors.

Harry W. Heid, San Diego, Cal., Chapter 13 trustee.

## MEMORANDUM OF OPINION DENIAL OF CONFIRMATION OF PLAN

HERBERT KATZ, Bankruptcy Judge.

On November 16, 1979, the above named debtors filed a petition for relief under

Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301 et seq.). Along with the petition, debtors filed a proposed Chapter 13 Plan which provides for payment to the trustee of $155 per month to be distributed by the trustee to the unsecured creditors of these debtors until a dividend of 1% has been paid on those debts.

The debtors schedules show that they have a total of 19 unsecured creditors to whom they owe $35,734.07. There are no secured debts scheduled.

A 1% dividend to unsecured creditors amounts to $357.34. In this district the trustee is authorized to withhold 10% the moneys paid by the debtors through the Chapter 13 plan pursuant to § 1302(e)(1)(B). In this case that amount is $35.73. Hence the total payments to be made by these debtors is $393.07. This does not take into account unpaid attorneys fees, if any. From the Chapter 13 statement and the Attorneys Fee Disclosure Statement on file, it cannot be determined what the amount of attorneys fees is or how much has been paid. The attorney representing these debtors generally charges $500 to $550 per case.

At any rate these debtors propose to make no more than 3 monthly payments to complete their proposed plan.

A confirmation hearing was held on January 7, 1980. The plan was not confirmed. The hearing on conformation was continued to January 28, 1980.

On January 18, 1980, the debtors filed a modified plan pursuant to § 1323, which became the plan. That plan provided for payments of $79 per month and a 1% dividend to unsecured creditors. Under that proposal, the debtors would make about 5 monthly payments to complete their plan.

The confirmation hearing reconvened on January 28, 1980. At that hearing the debtors offered to pay $79 per month for 36 months, which would result in an 8% dividend to unsecured creditors.

At that hearing it developed that the debtors net income had been reduced and that the debtors transportation expenses had increased by a $40 month car rental cost.

All in all, the reduction in income resulted in a net take home of approximately $1,150 per month. Expenses approximated $1,065.

In order to confirm a plan, the court must make findings that all of the provisions of § 1325(a) of the Code have been complied with.

The two provisions which these debtors cannot satisfy are that the plan is proposed in good faith, § 1325(a)(3), and that the debtors would be able to make the payments and comply with the plan, § 1325(a)(b).

■ Even though the debtors testified to cuts they would make in their proposed budget, I cannot find from the facts that the proposed plan is feasible, that is, that the debtors can make their payments. There simply is not enough "play" in the proposed budget to make significant cuts to permit them to do so.

"Good faith" as that term is used in § 1325(a)(3), is not defined in the Code. The legislature left it to the courts to fashion the meaning of that term.

■ A review of the legislative history of Chapter 13 leads to the conclusion that the drafters did not intend the liberal provisions of Chapter 13 to be used as a disguised Chapter 7 Liquidation. The drafters intended debtors to deal fairly and justly with their creditors. As a reward for such dealing, debtors were given the "super" discharge provided for in § 1328(a) by which all debts, except alimony and child support obligations [§ 523(a)(5)] and certain long term debts [§ 1322(b)(5)], are discharged upon successful completion of the plan.

Congress could not have intended that a debtor, in effect going through a Liquidation proceeding, although calling it a Chapter 13 proceeding, should receive those benefits.

These debtors are not denied relief by the denial of confirmation. Chapter 7 relief is available to them. If they avail themselves

of that chapter however, they may have discharge or dischargeability problems [§ 727 and 523(a)]. They can solve those by proposing a plan providing for substantial payments to their creditors. *In re Beaver*, No. 79–03046–KZ, So. Dist. Calif.; *In re Campbell*, No. 80–00049, So. Dist. Calif.; and *In re Burrell*, No. 4–79–03262 PH, No. Dist. Calif.

Confirmation is denied.