In re Larry James RYALS, Debtor.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,

v.

Larry James RYALS, Defendant.

Bankruptcy No. 1–79–01754.

United States Bankruptcy Court, E. D. Tennessee.

April 8, 1980.

John Fort, Chattanooga, Tenn., for plaintiff.

Flossie Weill, Chattanooga, Tenn., for defendant.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

The plaintiff, GMAC, commenced this proceeding by filing a complaint to recover a 1977 Pontiac from the Chapter 13 debtor. The debtor, Larry James Ryals, purchased the automobile on June 11, 1979. The plaintiff, GMAC, financed the purchase and has a perfected security interest in the automobile. Less than a month after the purchase the debtor filed a petition for relief under Chapter XIII of the Bankruptcy Act.

When debtor asked to pay GMAC in the plan the court ordered the debtor's payments increased. The debtor moved for dismissal of the case because he could not afford the increased payments. The case was dismissed on November 15, 1979.

On October 1, 1979, the Bankruptcy Code became effective. Cases filed on and after that date are governed by its provisions. Bankruptcy Reform Act, Public Law 95–

598, Title IV, § 402 (1978). Two weeks after his Chapter XIII case was dismissed the debtor commenced this case under Chapter 13 of the Bankruptcy Code. 11 U.S.C. (1979).

GMAC contends that it should be allowed to reclaim the 1977 Pontiac for the following reasons:

(1) The debtor is in arrears for the October-December, 1979 payments.

(2) The debtor did not purchase the car in good faith and the plan was not proposed in good faith.

(3) The plan is not feasible.

GMAC orally raised the question of whether the debtor has the car insured.

■ GMAC's contention that the debtor did not purchase the car in good faith is based on his filing of a Chapter XIII case within a month after the purchase.[1] The proof does not show, however, that the debtor did not intend or could not reasonably have expected to pay for the car when he bought it.

When the debtor purchased the car both he and his wife were working. A short time after the purchase, his working hours and wages were reduced by his employer.

The debtor filed his earlier Chapter XIII case because he was being threatened with a lawsuit by another creditor. He did not file it because he wanted to frustrate GMAC. GMAC is not entitled to reclaim simply because a change of circumstances forced the debtor to file a Chapter XIII shortly after he financed the purchase of an automobile.

Under Bankruptcy Code § 1325(a)(3), 11 U.S.C. § 1325(a)(3) (1979), to be confirmed a Chapter 13 plan must have been proposed in good faith. GMAC contended that the plan in this case was not proposed in good faith for several reasons. The debtor did not purchase the car in good faith. He proposed to pay only $3,500.00 as its value and 27% on the unsecured balance of about $3,300.00.

---

1. Other than as it relates to the other reasons, the default is relevant only as giving rise to

GMAC's right to repossess the collateral. See 11 U.S.C. §§ 1303 and 363(*l*) (1979).

The court has concluded that the debtor did not purchase the car in bad faith, and therefore that argument need not be considered further.

The debtor amended his plan to pay GMAC $4,200.00 as the value of the car[2] and 27% on the unsecured balance. The parties essentially agree that the value of the car is about $4,200.00.

GMAC still objects to the 27% which is proposed to be paid on its unsecured claim. GMAC, however, did not argue that this was less than is required for confirmation by § 1325(a)(4), 11 U.S.C. § 1325(a)(4) (1979). The proposal of a 27% payment on unsecured claims appears to be made in good faith. See In re Iacovoni, 2 B.R. 256, 5 B.C.D. 1270, 1 C.B.C.2d 331 (Bkrtcy.D. Utah 1980); In re Powell, 2 B.R. 314, 5 B.C.D. 1233 (Bkrtcy.E.D.Va.1980); In re Curtis, 2 B.R. 43, 5 B.C.D. 1214, 1 C.B.C.2d 314 (Bkrtcy.W.D.Mo.1979). GMAC itself argues that the debtor's plan will impose an undue hardship on his family and that he will not be able to make the payments. This argument will be considered when the court discusses feasibility.

■ GMAC argues that the debtor's filing of a new Chapter 13 shortly after dismissal of the earlier Chapter XIII shows bad faith. In some circumstances bad faith might be found where a debtor obtains dismissal of one Chapter 13 or Chapter XIII case and soon thereafter files another. But the court does not see any bad faith in this case. The debtor was unable to make the payments required in his earlier Chapter XIII case. It was not proven that he misrepresented his ability to pay in that case so that he might file a case under the more favorable provisions of the new law. Nor can it be said that his plan is a liquidation in disguise. It also does not appear that GMAC has been maliciously or unduly imposed upon by the debtor's failure in the earlier case to keep current his payments to GMAC.

Since filing the new Chapter 13 case the debtor has made all the required payments into the plan. The favorable provisions of new Chapter 13 were meant to encourage its use. Since the plan is otherwise proposed in good faith, the court cannot say that this debtor should be foreclosed from the benefits of Chapter 13 because he was unable to pay what was required under Chapter XIII of the Bankruptcy Act.

Whether the debtor has the car insured is not a good faith question but one of "adequate protection". 11 U.S.C. § 361 (1979). Though the secured creditor is to receive the value of collateral in the debtor's hands, it still bears the risk of damage to the collateral if it is uninsured. For automobiles the risk of loss is great. In this case the debtor's proof shows that the car is insured through some time in June of this year. The question is moot until then.

■ GMAC also contended that the plan is not feasible, or in other words, that the debtor will not be able to make the required payments. 11 U.S.C. § 1325(a)(6) (1979). The court should consider not only whether the debtor can make the payments but also the affect of making the payments on the debtor and his dependents. The debtor lives with his relatives, and his wife and two children live with her relatives apparently because on his wages he cannot maintain a home. The debtor also receives some money from his relatives. His take-home pay is about $125.00 per week. He proposes to pay $51.00 per week into the Chapter 13 plan. GMAC also contends that his employer is in a depressed industry, the manufacture of automobile parts, and that the debtor's circumstances are not likely to improve. On the other hand, the debtor represented that he is willing to and can make the required payments. He also represented that his wife should return to work soon, after she recovers from the recent birth of their second child. Furthermore, the debtor needs the car for work and family purposes.

The court must hesitate at imposing on a debtor its idea of what sacrifices, other than financial, he should make in order to pay his creditors. The debtor does not appear shaken by the circumstances. He ap-.

---

2. GMAC is also to receive a percentage payment reflecting the value of money paid over time. In re Lum, 1 B.R. 186, 5 B.C.D. 1039, 1 C.B.C.2d 95 (Bkrtcy.E.D.Tenn.1979).

parently is willing to continue in his present circumstances while paying into the Chapter 13 plan. Thus far he has been able to make the payments. He, of course, hopes that his earnings will increase and that his wife will return to work. To allow GMAC to retake this car might leave the debtor in worse circumstances than before.

His only alternative might be a Chapter 7 liquidation case. In that case GMAC might seek to recover the car, which it would have to sell in the allegedly depressed automobile market. In the alternative the debtor might seek to redeem or reaffirm for the value of the car. 11 U.S.C. § 524(c) & (d) and § 506 (1979). GMAC would not receive any payment on its unsecured claim.

GMAC's complaint will be denied without prejudice. In the event debtor does not comply with the terms of his confirmed Chapter 13 plan, GMAC may seek a rehearing on its complaint.

This memorandum constitutes findings of fact and conclusions of law. Rule 752, Bankruptcy Rules.