**In re Ronald W. and Mary L. THEBEAU, Debtors.**

**Bankruptcy No. J 79 152 B.**

United States Bankruptcy Court, E. D. Arkansas, Jonesboro Division.

April 11, 1980.

Malcolm Ward, Jonesboro, Ark., for debtors.

A. L. Tenney, Little Rock, Ark., trustee.

## ORDER OVERRULING TRUSTEE'S OBJECTION AND CONFIRMING PLAN

CHARLES W. BAKER, Bankruptcy Judge.

The issue in this case is whether a Chapter 13 plan, which proposes no payments to creditors, can be filed in "good faith" as required by 11 U.S.C. § 1325(a)(3). This Court finds that "good faith" does not require a payment to creditors and that in this particular case "good faith" has been shown.

The facts are not in dispute. The debtors' plan provides for the payment of $50.00 per month to the Trustee until the cost of administration and debtors' attorney's fee have been paid. There are no secured creditors to be dealt with because they have already repossessed their collateral. No payments are proposed to unsecured creditors. Debtors have no property in excess of their allowable exemptions. Unsecured creditors would not receive anything if this case proceeded under Chapter 7 of the Bankruptcy Code.

There is no legislative history concerning the meaning of "good faith" as used in 11 U.S.C. § 1325(a)(3). The Trustee has assumed the position that Congress envisioned Chapter 13 as a means by which debtors could make payments to their creditors through a Court appointed Trustee and receive a discharge. Trustee, in substance, argues that without a payment to unsecured creditors, the underlying reason for this Chapter is not served and, therefore, the plan is not filed in "good faith"; or at least the Bankruptcy Court, in the exercise of its inherent equity powers, should find that the plan is not in "good faith". This Court is aware that there are several Bankruptcy Courts which have adopted the Trustee's approach.

As a point of first consideration this Court looks to all of the provisions of 11 U.S.C. § 1325. This section of the Code says the Court *shall* confirm if certain conditions are met. Those conditions set forth certain minimums for the treatment of secured and unsecured creditors. If Congress had wanted to mandate that at least some payment be made to creditors, it could have easily done so. Congress did not specifically say there has to be some payment to creditors. The Trustee is asking this Court to use the "good faith" requirement as a basis to add a requirement just as if Congress had. That is "Judicial Legislation", pure and simple. Without any express legislative history on the meaning of "good faith", this Court does not choose to presume that Congress intended for the Courts to assume their legislative powers in Chapter 13 cases.

The United States Supreme Court has recently cautioned against judicial creativity in the face of legislative silence:

"It is a commonplace that courts will further legislative goals by filling the interstitial silences within a statute or a regulation. Because legislators cannot foresee all eventualities, judges must decide unanticipated cases by extrapolating from related statutes or administrative provisions. But legislative silence is not always the result of a lack of prescience; it may instead be token permission or, perhaps, considered abstention from regulation. In that event, judges are not accredited to supersede Congress or the appropriate agency by embellishing upon the regulatory scheme. Accordingly, caution must temper judicial creativity in the face of legislative or regulatory silence." *Ford Motor Credit v. Milhollin,* —— U.S. ——, ——, 100 S.Ct. 790, 796, 63 L.Ed.2d 22 (1980).

Here we are grappling with the meaning of "good faith" in the face of legislative silence about its meaning. However, Congress is not silent about the payments a plan must propose both for secured and unsecured. 11 U.S.C. § 1325(a)(4 & 5). "Good faith" must mean something other than the amount of payments unless one chooses to say that the handywork of Congress is innerly redundant. Caution tempers this Court not to create payment requirements to creditors when Congress has already said what payments are required.

Congress has provided alternative methods within the Bankruptcy Code for debtors to be relieved of their debts. For an individual there are now three alternatives, to-wit: Chapters 7, 11 or 13. All of them essentially are methods for relief and/or discharge from debts that are intolerably burdensome.

Since the passage of the Chandler Act in 1898, the remedial nature of the bankruptcy laws has been recognized and they have been construed with liberality in favor of affording relief to debtors from their debts. [See the numerous causes digested in Modern Federal Practice Digest, Bankruptcy, key # 4(c & d)]. The Trustee is asking the Court to judicially enact his own notions of what ought to be included in a Chapter 13, instead of looking at the words Congress used in its Act from a perspective of liberality for the debtors.

". . . a bankruptcy court cannot, because of its own notions of equitable principles, refuse to award the relief which Congress has accorded the bankrupt . . . ." *Securities Comm. v. U. S. Realty Co.,* 310 U.S. 434, 457, 60 S.Ct. 1044, 1054, 84 L.Ed. 1293 (1940).

There is nothing at variance with the underlying concept of the bankruptcy laws for debtors to be discharged without paying anything to creditors. If there were, then the majority of bankruptcy cases could not qualify. It is well known that there are no assets available for unsecured creditors in the overwhelming majority of bankruptcy cases.

It is also a matter of common knowledge that one of the compelling reasons for passage of the new Bankruptcy Code was to eliminate the complexities that had developed incident to the alternative methods of relief for business-type debtors in old Chapter X, XI and XII. Many of those complexities were judge-made. This Court does not intend to complicate the simple procedure that Congress enacted in Chapter 13 by creating a maze of judicial mirrors, angles, cul-de-sacs and other assorted dead-ends, all under the guise of "good faith".

The Trustee's final argument is that it is "inequitable" to have a Chapter 13 without payment to creditors. This Court fails to see the lack of equity. Creditors would be no better off if these debtors filed a Chapter 7 for the creditors would still receive nothing. The Court is no more inconvenienced by a Chapter 13 than it is by a Chapter 7. Moreover, the Chapter 13 Trustee gets paid his statutory fee, which is in excess of what he would receive in a no-asset Chapter 7 proceeding. Even the debtors' attorney's fee will be paid under the instant plan. If the case is dismissed, debtor's attorney would be exercising enlightened self-interest to refuse to refile under Chapter 7 until his fee is fully paid in advance. Meanwhile, the debtor would be exposed to creditors' efforts to collect, which obviously would be fruitless for the creditors and needlessly harassing to the debtor. In short, no one is injured by allowing these debtors to discharge their debts via Chapter 13. The only thing at stake is some "ivory tower" concept relating to a supposed but congressionally unarticulated "raison de etre" for Chapter 13. Poor debtors before this Court will not be denied relief from their debts in order to pay homage to antiquated procedural concepts.

IT IS, THEREFORE, ORDERED that the Trustee's objection to confirmation of Plan should be and the same is hereby overruled and the Chapter 13 plan of Ronald W. and Mary L. Thebeau is confirmed.