**In re Larry B. HALL, Sr., Shirley T. Hall, Debtors.**

**Bankruptcy No. 79–01575.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

May 27, 1980.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Daniel M. McCormack, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for debtors.

William C. Parkinson, Jr., Parkinson & Parkinson, Richmond, Va., trustee in bankruptcy.

MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Reform Act of 1978 (11 U.S.C.) on November 14, 1979. Also on that date the Debtors' proposed Chapter 13 plan was filed. Modified plans were filed on January 3, January 22 and the plan presently before the Court was filed on February 12, 1980. A hearing was held on the confirmation of the third modified plan on February 25, 1980. The Trustee objected to the confirmation of the

plan and the Court deferred ruling on said objection pending receipt of briefs in argument from the Trustee and counsel for the Debtors. Upon the foregoing the Court renders the following opinion.

## STATEMENT OF THE FACTS

Larry B. Hall, Sr. is employed by Virginia Electric & Power Company as a meter reader-collector. His take-home pay is $676 monthly and he does not anticipate any increase in pay in the immediate future. Shirley T. Hall is a housewife and has health problems requiring periodic medical treatments. The Debtors have two children; a daughter born in January 1980 and a son age 4 who has asthma problems which also require medical treatment. They own no real estate and their personal property consist of household goods and wearing apparel valued at $4,145 and a 1973 Plymouth Duster valued at $1,200.

Pursuant to paragraph 4 of the plan the Debtors propose to pay $75 each month for 15 months to the Trustee. From such payments the Trustee shall make disbursements as necessary to pay administrative expenses including but not limited to Trustee's fees, attorney's fees and other expenses of an administration before or at the time of each payment to creditors holding unsecured claims. As a result of the monthly payments, the payout to unsecured creditors will be approximately 6% of their claims.

## CONCLUSIONS OF LAW

The issue in this matter is whether the plan should be confirmed by the Court as being proposed in good faith pursuant to § 1322(a)(3) of the Bankruptcy Code (11 U.S.C.), when the amount paid to unsecured creditors will be approximately 6% of their allowed claims. Good faith is not defined in the Bankruptcy Code and, therefore, it is necessary to turn to the case law to determine its meaning. There is a wide variety of opinion as to what the good faith requirement embodies. *Compare, In re Burrell*, 2 B.R. 650, 5 B.C.D. 1321 (N.D.Cal.1980) holding good faith requires at least 70%

payout to unsecured creditors *with, In re Terry*, 3 B.R. 63, 5 B.C.D. 1397 (W.D.Ark. 1980) holding no payments necessary to unsecured creditors to meet requirement of good faith. Most courts, however, have reached the conclusion based on the legislative history, the generous discharge provisions and the purpose and spirit of a Chapter 13 proceeding, that substantial and meaningful payment to unsecured creditors is required for a Chapter 13 plan to be confirmed as being proposed in good faith. *In re Iacovoni*, 2 B.R. 256, 5 B.C.D. 1270 (D.Utah 1980); *In re Campbell*, 3 B.R. 57, 5 B.C.D. 1365 (S.D.Cal.1980); *In re Beaver*, 2 B.R. 337, 5 B.C.D. 1285 (S.D.Cal.1980); *In re Bloom*, 6 B.C.D. 141 (C.D.Cal.1980); *In re Howard*, 5 B.C.D. 1375 (S.D.Cal.1980). Further, as one court has noted:

> "[A] bankruptcy case does not become a Chapter 13 case merely by calling it a Chapter 13 case. If its real motive and purpose is to obtain a discharge of the debts without a reasonable and substantial payment to the creditors, . . . the court should recognize the case for what it is, an illusion. . . . [T]he illusory Chapter 13 plan is not in good faith." *In re Bloom, et al.*, 6 B.C.D. 141, 144 (C.D.Cal.1980). *Accord, In re Beaver, supra, In re Campbell, supra, In re Howard, supra.*

■ This Court agrees with the majority of courts and finds that for a plan to be proposed in good faith it must provide for substantial and meaningful payments to the unsecured creditors.

■ Each case must be judged on its particular facts in order to determine if the plan was filed in good faith. *In re Iacovoni, supra.* The Court finds that the plan proposed by the Debtors herein does not meet the requirements of § 1325(a)(3) in that the payments are not substantial and meaningful and, therefore, do not meet the good faith requirement. Although in light of the Debtors' monthly income the $75 monthly payment proposed by the Debtors is a significant monthly payment, the Court finds that payment to unsecured creditors of approximately 6% of their claims is not

meaningful or substantial. The Court also finds suspect a plan which calls for such a low percentage payment to unsecured creditors terminating 15 months from the date of confirmation. The Debtors cite possible contingent occurrences that would make the Debtors unable to meet the proposed monthly payment more than 15 months from the commencement of the plan. However, these occurrences are speculative and there is no evidence before this Court that there is a reasonable likelihood that these events will in fact occur thereby precluding the Debtors from making payments for longer than the 15 month time period. The plan as proposed would require this Court to approve a plan that is nothing more than a Chapter 7 liquidation. Therefore, this Court cannot approve the plan as proposed by the Debtors.

An appropriate order will issue.