In re Theodore Richard WHITE, Debtor.

Bankruptcy No. 80–00125.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

May 29, 1980.

Robert E. Hyman, Goddin, Major, Schubert & Hyman, Richmond, Va., for debtor.

William C. Parkinson, Jr., Parkinson & Parkinson, Richmond, Va., trustee in bankruptcy.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (11 U.S.C.) on February 7, 1980, and the first meeting of creditors was held before William C. Parkinson, Jr., standing Trustee, on March 10, 1980. A confirmation hearing was held thereafter on the same date at which time the confirmation hearing was continued for the filing of simultaneous memoranda by counsel on whether the Debtor's proposed Chapter 13 plan should be confirmed by the Court.

### STATEMENT OF THE FACTS

The proposed plan, if approved, would pay to unsecured creditors approximately 28% of their allowed claims. The Debtor proposes to pay under his plan $350 a month for 27 months, totaling $9,450. The principal asset of the Debtor consist of his one-half interest in a parcel of real estate located in New York State. The value of the Debtor's equity interest in that real estate approximates the value of the distribution that would be made to unsecured creditors under the Debtor's proposed plan. The Debtor has not claimed as exempt property his equity in the real estate. There appears to be no other significant non-exempt property.

### CONCLUSIONS OF LAW

The issue in this matter is whether the plan should be confirmed by the Court as being proposed in good faith, pursuant to § 1325(a)(3) of the Bankruptcy Code, (11 U.S.C.), when the amount to be ultimately paid to unsecured creditors if all payments are made under the proposed plan is approximately the same amount that would

be paid promptly upon liquidation under Chapter 7, and the plan restricts payments to 27 consecutive monthly payments. Good faith is not defined in the Bankruptcy Code, and therefore it is necessary to turn to the case law to determine its meaning. There is a wide variety of opinion as to what the good faith requirement embodies. *Compare, In re Burrell*, 2 B.R. 650, 5 B.C.D. 1321 (Bkrtcy.N.D.Cal.1980) holding good faith requires at least 70% payout to unsecured creditors with, *In re Terry*, 3 B.R. 63, 5 B.C.D. 1397 (Bkrtcy.W.D.Ark.1980) holding no payments necessary to unsecured creditors to meet requirement of good faith. Most courts, however, have reached the conclusion based on legislative history, the generous discharge provisions and the purpose and spirit of a Chapter 13 proceeding, that substantial and meaningful payment to unsecured creditors is required for a Chapter 13 plan to be confirmed as being proposed in good faith. *In re Iacovoni*, 2 B.R. 256, 5 B.C.D. 1270 (Bkrtcy.D.Utah 1980); *In re Campbell*, 3 B.R. 57, 5 B.C.D. 1365 (Bkrtcy.S.D.Cal.1980); *In re Beaver*, 2 B.R. 337, 5 B.C.D. 1285 (Bkrtcy.S.D.Cal.1980); *In re Bloom*, 3 B.R. 467, 6 B.C.D. 141 (C.D.Cal. 1980); *In re Howard*, 3 B.R. 75, 5 B.C.D. 1375 (Bkrtcy.S.D.Cal.1980). Further as one court has noted:

> "[A] bankruptcy case does not become a Chapter 13 case merely by calling it a Chapter 13 case. If its real motive and purpose is to obtain a discharge of the debts without a reasonable and substantial payment to the creditors, . . . the court should recognize the case for what is is, an illusion. . . . [T]he illusory Chapter 13 plan is not in good faith." *In re Bloom, et al.*, 3 B.R. 467, 472, 6 B.C.D. 141, 144 (C.D.Cal.1980). *Accord, In re Beaver, supra, In re Campbell, supra, In re Howard, supra.*

This Court agrees with the majority of courts and finds that for a plan to be proposed in good faith it must provide for substantial and meaningful payments to the unsecured creditors. Each case must be judged on its particular facts in order to determine if the plan was filed in good faith. The Court notes that, although the Debtor proposes to pay $350 per month, the payments continue for a period of only 27 months. It appears the Debtor's proposal of paying for that limited time relates with particularity to the criterion of the creditors receiving as much as they would receive in liquidation under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. 1325(a)(4). The Debtor has demonstrated an ability and willingness to pay $350 per month from his current salary. His gross income from employment is $40,000. He also has income of rental property amounting to $3,320 per year. In light of his ability to make payments on a monthly basis, his unexplained unwillingness to extend them for a period of 36 months, § 1322(c) states that the plan may provide for payments up to three years and with court approval the time may be extended for a longer period up to five years, and his apparent intent only to compensate creditors under the plan to the extent of an amount approximately equivalent to what might be received in liquidation precludes this Court from finding the plan to be filed in good faith. To find otherwise would enable a Debtor to refine his plan to the very point where the amount of monies paid would be in balance with the value of non-exempt liquidated assets and then assert that good faith has been accomplished. That would preclude the Court from exercising any real discretion in the matter. The Bankruptcy Code only gives unsecured creditors the right to object to confirmation of the plan; they no longer may vote on or reject the plan. Denied the privileges of voting or rejection the good faith finding under § 1325 became paramount. The ability to pay coupled with the Debtor's intention to fund the plan for only 27 months is minimal performance and not in good faith.

An appropriate order will issue.