**In re Guiseppi CELESTE, aka Joe Celeste, aka, Joseph Celeste, aka Joe E. Celeste, Debtor.**

**Bankruptcy No. B80–04297.**

United States Bankruptcy Court, N. D. Ohio, E. D.

March 3, 1981.

Avery S. Friedman, Cleveland, Ohio, for creditors Marion Burns and Avery S. Friedman.

Mary Ann Rabin, Cleveland, Ohio, for debtor, Guiseppi Celeste.

## MEMORANDUM OF DECISION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came before the Court on the objection of creditors, Marion Burns and Avery S. Friedman, to confirmation of debtor's proposed plan filed under Chapter 13 of the Bankruptcy Code.

Debtor, Guiseppi Celeste, proposes to pay all real estate mortgages in full outside the plan, and to pay into the plan $200.00 per month for the benefit of unsecured creditors. If debtor completes the plan, unsecured creditors would receive about eight percent.

By agreement of counsel, the matter was submitted to the Court on the pleadings and briefs, no evidentiary hearing being held.

The creditors objected to debtor's plan on two grounds:

(A) The proposed eight percent payment to unsecured creditors, is, as a matter of law, too small to permit confirmation of the plan under Section 1324 of the Code; and

(B) That creditors' debt is nondischargeable under Section 523(a)(6), because it is a judgment awarding compensatory and punitive damages in a racial discrimination case.

■ Creditors' first objection is not supported by the Code. Section 1325(a)(4), the only section proscribing a quantitative minimum for Chapter 13, requires that creditors receive as much in Chapter 13 as they would have received in Chapter 7.[1] It is undisputed in this case that this minimum standard has been met.

■ The only basis for objecting to debtor's plan is that it does not meet the good faith standard required by Section 1325(a)(3).[2] This Court is well aware of the extent and variety of opinions written on the good faith requirement. Bankruptcy decisions have ranged from confirmation of zero percent plans to requiring 70 percent plans.[3] Many courts have chosen to apply a flexible standard wherein factors, such as the debtor's future income prospects, present ability to pay, proposed payout to unsecured debts, and the use of the broader discharge of Chapter 13, are considered in determining whether good faith exists.[4] The flexible standard, however, has not led to uniformity of result.

In interpreting a statute such as this, the courts should be primarily guided by the legislative intent as expressed by the Code.[5] Any substantial revision of Chapter 13 must be left to Congress.

An analysis of the Code reveals that Congress had the opportunity to establish a minimum payout for Chapter 13, if it had so desired. Section 727(a)(9) of the Code does not allow a debtor to be discharged in a subsequent Chapter 7, unless the debtor's prior Chapter 13 paid at least 70 percent to unsecured creditors, was filed in good faith and represented the debtor's best efforts. If debtor's prior Chapter 13 plan paid 100 percent to unsecureds, then the plan did not have to be filed in good faith or represent the debtor's best effort.[6] With such guide lines established by Section 727(a), it is difficult to believe that Congress had mini-

1. Section 1325(a)(4) requires that: "the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date; "

2. Section 1325(a)(3) states that a court may only confirm a plan if "the plan has been proposed in good faith and not by any means forbidden by law; "

3. In *In re Raburn*, Bkrtcy., 4 B.R. 624, 6 BCD 453 (M.D.Ga.1980) the Court held that Section 1325(a)(3) requires at least a 70 percent payout to unsecured creditors. This decision followed *In re Burrell*, Bkrtcy., 2 B.R. 650, 5 BCD 1321 (N.D.Cal.1980) which was reversed by *In re Burrell*, Bkrtcy., 6 B.R. 360, 6 BCD 900 (D.C.N. D.Cal.1980). Other decisions such as *In re Cloutier*, Bkrtcy., 3 B.R. 584, 6 BCD 196 (D.Neb.1980); *In re Harland*, Bkrtcy., 3 B.R. 597, 6 BCD 235 (D.Neb.1980); *In re Sadler*, Bkrtcy., 3 B.R. 536, 1 CBC 2d 935 (E.D.Ark. 1980); *In re Thebeau*, Bkrtcy., 3 B.R. 537, 1 CBC 2d 940 (E.D.Ark.1980); and *In re Terry*, Bkrtcy., 3 B.R. 63, 1 CBC 2d 525 (W.D.Ark.

1980) have confirmed plans which provide no payments to unsecured creditors.

4. This flexible approach was pioneered by *In re Iacovani*, Bkrtcy., 2 B.R. 256, 5 BCD 1270 (D.Utah 1980). *See also In re Heard*, Bkrtcy., 6 B.R. 876, 6 BCD 1272 (W.D.Ky.1980); *In re Burrell*, Bkrtcy., 6 B.R. 360, 6 BCD 900 (D.C.N. D.Cal.1980); *In re Campbell*, Bkrtcy., 3 B.R. 57, 1 CBC 2d 653 (S.D.Cal.1980); and *In the Matter of Cook*, Bkrtcy., 3 B.R. 480, 1 CBC 2d 780 (S.D.W.V.1980).

5. "... Congress expresses its purpose by words. It is for us to ascertain—neither to add nor subtract, neither to delete nor to distort." *62 Cases, More or Less, etc. v. U. S.*, 340 U.S. 593, 596, 71 S.Ct. 515, 518, 95 L.Ed. 566 (1952).

6. Section 727(a) states that a court may not grant a debtor a discharge in Chapter 7 if: "(9) the debtor has been granted a discharge under section 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

mum payment percentages intended in Chapter 13 when it drafted the term "good faith." Therefore, this Court, in the present case, cannot assume as a matter of law that an eight percent payment to unsecured creditors lacks good faith.

■ Creditors' second objection to debtor's plan is also not well taken. It is quite clear that creditors' debt does not fall within the Chapter 13 exceptions to discharge.[7] These creditors necessarily base their objection on the good faith standard of Section 1325(a)(3), and courts have varied in their decisions on this issue.[8]

This Court concludes that the inclusion of an alleged Chapter 7 nondischargeable debt in an eight percent Chapter 13 plan does not, as a matter of law, preclude confirmation. The plan, as proposed by debtor, conforms to all the requirements of Section 1325 and, therefore, should be confirmed.

On the basis of the foregoing memorandum of decision, which is hereby adopted as my findings of fact and conclusions of law pursuant to Bankruptcy Rule 752, it is

ORDERED that the Chapter 13 plan proposed by debtor, Guiseppe Celeste, be, and the same is hereby confirmed.

(A) 100 percent of the allowed unsecured claims in such case; or

(B)(i) 70 percent of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; . . . ."

7. Section 1328(a) provides as follows:

"(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title."

Section 1322(b)(5) deals with certain contract payments that extend beyond the time of the

Chapter 13 plan, and Section 523(a)(5) excepts alimony and support payments. Debtor's alleged willful or malicious conduct does not remotely fall within these two exceptions.

8. In *In re Koerperich*, Bkrtcy., 5 B.R. 752, 6 BCD 970 (D.Neb.1980), the court approved a zero percent payment plan to unsecured creditors which included one debt previously held to be nondischargeable under the Bankruptcy Act. *See also In re Walsey*, Bkrtcy., 7 B.R. 779, 6 BCD 1410 (N.D.Ga.1980); *In re Bonder*, Bkrtcy., 3 B.R. 623, 1 CBC 2d 943 (E.D.N.Y. 1980); *In re Seeley & Cox*, Bkrtcy., 6 B.R. 309, 2 CBC 2d 1128 (E.D.Va.1980); *In re Graff*, Bkrtcy., 7 B.R. 426, 3 CBC 2d 421 (D.Kansas 1980); and *In re Thorson*, Bkrtcy., 6 B.R. 678, 6 BCD 1268 (D.S.D.1980). In *In re Murallo*, Bkrtcy., 4 B.R. 666, 6 BCD 478 (D.Conn.1980), the court rejected a ten percent plan which included an educational loan.