Margaret Ann DEANS, Debtor,
Appellant,

v.

Gerald M. O'DONNELL, Trustee,
Appellee.

Civ. A. No. 81–0700–A.

No. 81–00360–A.

United States District Court,
E. D. Virginia,
Alexandria Division.

Nov. 9, 1981.

Kenneth Warren Smith, Alexandria, Va., for appellant.

Gerald M. O'Donnell, Alexandria, Va., for appellee.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the court on an appeal from the order of the United States Bankruptcy Court denying confirmation of the appellant's proposed payment plan. The court has jurisdiction over this appeal under the Bankruptcy Act of 1978, Pub.L. No. 95–598, § 405(c), 92 Stat. 2549. For the reasons stated below, the court affirms the ruling of the bankruptcy court.

On March 27, 1981, Margaret Ann Deans filed a voluntary petition for chapter 13 bankruptcy with the United States Bankruptcy Court for the Eastern District of Virginia. *See* 11 U.S.C. § 301 (Supp. III 1979). Deans attached a proposed repayment plan to the petition. *See id.* §§ 1321–1322. The debtor's plan divides her creditors into two classes: (1) holders of secured claims, and (2) holders of unsecured claims. The sole secured creditor is General Motors Acceptance Corporation (GMAC). The amount of GMAC's claim is $6,913. This claim, however, is secured only to the extent of the fair market value of the security. The collateral here is a 1979 Chevrolet Malibu, which is worth $3,625. The second class contains six unsecured creditors with claims totalling $4,013. GMAC also falls in this class to the extent that its claims exceed the value of its security. Under the plan, Deans is to pay to the trustee $120.42 per month for 36 months. The plan provides that the trustee shall distribute the payments as follows: first, in full payment of the priority items listed in section 507, *see id.* § 507; and, second, to GMAC in the amount of the present value of its security. The plan specifically states that unsecured creditors are not to receive any dividend.

The statements filed by Deans indicate that she has a steady take-home pay of $862

per month. She lists her monthly expenses as $733. These figures indicate that Deans will have a surplus of $129 per month out of which to make her monthly payments to the trustee. All of the debtor's assets are exempt under section 522. *See id.* § 522. She does not propose using any of these assets to repay a percentage of the unsecured claims.

On May 5, 1981, the bankruptcy court denied confirmation of Deans' plan. It held that the plan did not meet the "good faith" requirement of section 1325(a). *See id.* § 1325(a)(3). On June 5, 1981, Deans filed a motion in this court for leave to appeal. This court granted leave to appeal on June 15, 1981.

Section 1325(a) requires confirmation of a chapter 13 plan if it meets six conditions.[1] The only condition in question on this appeal is section 1325(a)(3). This section requires that the plan be "proposed in good faith and not by any means forbidden by law." *Id.* The issue in this case is whether a plan that does not provide for any payments to unsecured creditors can meet the "good faith" test.

Deans contends that section 1325(a)(3) requires only honesty and cooperation on the part of the debtor. She argues that the sole check on the percentage of unsecured claims that a chapter 13 debtor repays is section 1325(a)(4). This section requires that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim [be] not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date." *Id.* § 1325(a)(4). Deans asserts that the "good faith" requirement does not call for a debtor to make any payments to unsecured creditors beyond those mandated by section 1325(a)(4). Deans' construction of section 1325(a) is supported by a number of cases. *See, e. g., In re Barnes,* 13 B.R. 997 (D.D.C. 1981); *In re Purdy,* 10 B.R. 902 (Bkrtcy., N.D.Ga.1981); *In re Prine,* 10 B.R. 87 (Bkrtcy., D.Idaho 1981); *In re Harland,* 3 B.R. 597 (Bkrtcy., D.Neb.1980); *In re Cloutier,* 3 B.R. 584 (Bkrtcy., D.Colo.1980).

This court holds, however, that a chapter 13 plan meets the "good faith" requirement only if it provides for substantial and meaningful payments to the unsecured creditors. Section 1325(a)(4) simply creates an additional minimum below which the payments to unsecured creditors cannot fall. The court reaches this conclusion for several reasons.

First, the structure of the Bankruptcy Code indicates that section 1325(a)(3) must require more than honesty in fact. Chapter 13 provides a debtor with a much broader discharge than he would receive under chapter 7. *Compare* 11 U.S.C. § 1328(a) *with id.* § 523. In addition, chapter 13 does not place the time limitations on the filing of successive petitions that chapter 7 does. *See id.* § 727(a)(8)–(9). Finally, chapter 13 permits the debtor to retain his assets. *See*

1. Section 1325(a) provides:
(a) The court shall confirm a plan if—
(1) The plan complies with the provisions of this chapter and with other applicable provisions of this title;
(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
(3) the plan has been proposed in good faith and not by any means forbidden by law;
(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
(5) with respect to each allowed secured claim provided for by the plan—
(A) the holder of such claim has accepted the plan;
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or
(C) the debtor surrenders the property securing such claim to such holder; and
(6) the debtor will be able to make all payments under the plan and to comply with the plan.
11 U.S.C. § 1325(a) (Supp. III 1979).

*id.* § 1325(a)(5). If the court were to adopt Deans' construction of section 1325(a)(3), any debtor would be able to obtain the benefits of chapter 13 simply by agreeing to pay the unsecured creditors the amount that they would receive in liquidation. In a no-asset case, such as the present one, a debtor could receive a chapter 13 discharge without paying any dividends to unsecured creditors. The court believes that Congress did not intend to make the requirements for chapter 13 confirmation so lax that they nullify the carefully drawn limitations of chapter 7.

Second, the legislative history of the Bankruptcy Act shows that Congress wished to limit chapter 13 to plans that provide for substantial payments. The Senate report states:

> The new chapter 13 will permit almost any individual with regular income to propose and have approved a reasonable plan for debt repayment based on that individual's exact circumstances. As in current law, 100 percent payment plans will be encouraged by the limitation on availability of a subsequent discharge in section 727(a)(8).... It is also necessary to prevent chapter 13 plans from turning into mere offers of composition plans under which payments would equal only the non-exempt assets of the debtor.

S.Rep. No. 989, 95th Cong., 2d Sess. 13, *reprinted in* [1978] U.S.Code Cong. & Ad. News 5787, 5799. At a later point, the report added that "[c]hapter 13 is designed to serve as a flexible vehicle for the repayment of part or all of the allowed claims of the debtor." *Id.* at 141, U.S.Code Cong. & Admin.News at 5927. The House report contains similar statements:

> The purpose of chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period. In some cases, the plan will call for full repayment. In others, it may offer creditors a percentage of their claims in full settlement....
>
> ... The benefit to creditors is self-evident: their losses will be significantly less than if their debtors opt for straight bankruptcy.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5963, 6079. This legislative history indicates that Congress intended to limit chapter 13 plans to those involving substantial payments to unsecured creditors.

Finally, the majority of cases on point hold that the "good faith" test of section 1325(a)(3) requires significant payments to unsecured creditors. The rule in the Eastern District of Virginia is that such payments must be "substantial and meaningful." *See In re Hurdle*, 11 B.R. 304, 308 (Bkrtcy., E.D.Va.1981); *In re White*, 4 B.R. 349, 350 (Bkrtcy., E.D.Va.1980); *In re Hall*, 4 B.R. 341, 342 (Bkrtcy., E.D.Va.1980). Most cases from other jurisdictions support this rule. *See, e. g., In re Terry*, 630 F.2d 634 (8th Cir. 1980); *In re Burrell*, 6 B.R. 360, 362–63 (N.D.Cal.1980); *In re Murallo*, 4 B.R. 666, 669 (Bkrtcy., D.Conn.1980); *In re Seman*, 4 B.R. 568 (Bkrtcy., S.D.N.Y.1980); *In re Hobday*, 4 B.R. 417, 421 (Bkrtcy., N.D.Ohio 1980); *In re Henry*, 4 B.R. 220, 224 (Bkrtcy., M.D.Tenn.1980); *In re Cook*, 3 B.R. 480 (Bkrtcy., S.D.W.Va.1980); *In re Bloom*, 3 B.R. 467, 472 (Bkrtcy., C.D.Cal. 1980); *In re Beaver*, 2 B.R. 337, 340–41 (Bkrtcy., S.D.Cal.1980); *In re Iacovoni*, 2 B.R. 256, 267 (Bkrtcy., D.Utah 1980).

■ For the above reasons, the court holds that a chapter 13 plan qualifies under section 1325(a)(3) only if it provides for substantial and meaningful payments to unsecured creditors. In determining whether a plan meets this test, the bankruptcy court should consider the following factors: first, the percentage and dollar amount of the unsecured claims that a debtor proposes to repay; second, the budget of a debtor and his ability to repay; third, the future income and payment prospects of a debtor; and, fourth, the extent to which a debtor may take advantage of chapter 13's more liberal provisions. This construction of section 1325(a)(3) does not impose a "best efforts" requirement on debtors. It, however, does preclude a debtor from using

chapter 13 if he is unable to propose a plan of meaningful repayment.

■ The court further holds that the bankruptcy court's denial of confirmation in Deans' case was proper under the above standard. A no-payment plan, such as the one proposed by Deans, cannot qualify under the "good faith" test as a matter of law. If the debtor is not financially able to follow a plan providing for substantial and meaningful payments, the bankruptcy court must relegate her to chapter 7 status.

Thus, the court affirms the order of the bankruptcy court denying confirmation of Deans' plan.