**STATE OF OHIO, OHIO STUDENT LOAN COMMISSION, Plaintiff,**

v.

**Renee R. WILLIS, Defendant.**

**In the Matter of Renee R. WILLIS, Debtor.**

**Bankruptcy No. 3–81–02443.**
**Adv. No. 3–81–0684.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 4, 1982.

Timothy J. O'Neill, Columbus, Ohio, for plaintiff.

Donald F. Harker, III, Dayton, Ohio, for defendant.

George Ledford, Englewood, Ohio, trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

PRELIMINARY PROCEDURE

This matter is before the Court upon Complaint filed by the Ohio Student Loan Commission of the State of Ohio on 6 Octo-

ber 1981 "to Lift Automatic Stay and Objecting to Confirmation of Plan." The Court heard the matter on 2 December 1981, and the parties subsequently submitted legal briefs. The following decision is based upon the parties' briefs, the evidence adduced at the hearing, and the record.

## FINDINGS OF FACT

The pertinent facts are not in dispute. Debtor proposed a Chapter 13 Plan which calls for payment of 14% to unsecured creditors. Plaintiff is an unsecured creditor based upon a student loan which apparently might not be dischargeable had Debtor filed under 11 U.S.C. Chapter 7. Note 11 U.S.C. §§ 523(a) and (a)(8), and 1328(a) and (b).

Subsequent to the filing of Debtor's proposed Plan, Debtor's financial circumstances changed. Most significantly, Debtor has obtained full-time employment increasing her gross monthly income from $300.00 to over $720.00.

Plaintiff contends that the very fact that Debtor has not modified her Plan as originally proposed "even though her disposable income has nearly doubled" is *per se* grounds for denial of Plan confirmation. In Plaintiff's words, "It goes without saying that the proposed plan of the debtor is not her best effort and does not repay her creditors a maximum amount consistent with presently available resources and resources reasonably anticipated to be available in the future."

Plaintiff further contends that Debtor has not filed in good faith. Plaintiff alleges that Debtor has few assets to protect through Chapter 13 processes, and that her Petition filing is "only motivated" by a desire to achieve the broader discharge available under Chapter 13. Note 11 U.S.C. §§ 523(a) and 1328(a) and (b). Plaintiff further argues that the good faith of a debtor who proposes discharge of debt under Chapter 13 which would otherwise be nondischargeable [in this case the subject student loan, 11 U.S.C. §§ 523(a)(8) and 1328(a)] should be questioned, and a finding of bad faith should ensue if the Court

finds either that the "principal objective" of the Chapter 13 filing was the discharge of otherwise nondischargeable debt or that there is significant disparity between the amount of debt nondischargeable under 11 U.S.C. § 523 and the amount paid toward such debt through the Chapter 13 plan.

Debtor responds that, despite Plaintiff's legal analyses, the facts sustain findings that Debtor's Plan represents her "best efforts" and that Debtor has acted in good faith. To begin with, Debtor argues that although her gross income has increased, her realizable income has increased only marginally because of a loss of governmental benefits (such as food stamps) and increased expenses (such as travelling) attendant to Debtor's new employment. Further, the marginal increase in Debtor's income permits Debtor to allot $40.00 a month toward recreation, a "luxury" which was not affordable before Debtor obtained new employment, and which Debtor impliedly contends (and this Court agrees) is a *bona fide* use of limited post petition income. In addition, Debtor testified that her filing was precipitated by the totality of her circumstances, and that no evidence of record sustains Plaintiff's allegation that Debtor has filed under Chapter 13 for the "primary purpose" of discharging otherwise nondischargeable debt.

## DECISION AND ORDER

The basic issue before the Court is whether Plaintiff's objections sustain a finding by the Court that Debtor's Plan is not confirmable in accordance with 11 U.S.C. §§ 1325(a)(3) or (4). It is the finding of the Court that Plaintiff's objections cannot be sustained by the record.

 This Court agrees that a Chapter 13 Plan which serves no purpose other than the discharge of otherwise nondischargeable debt by a debtor who is not in need of the Chapter 13 relief should be denied for lack of good faith. This Court will not condone an obvious subterfuge through the Chapter 13 process for the purpose of avoiding payment of debt which the Debtor is capable of

paying and which Congress has identified in 11 U.S.C. § 523 as not properly dischargeable by a liquidating debtor. See *In re Yee,* 7 B.R. 747, 3 C.B.C.2d 388, B.L.D. ¶ 67,734 (Bkrtcy.E.D.N.Y.1980); and *In re Iacovoni,* 2 B.R. 256, 5 B.C.D. 1270, B.L.D. ¶ 67,335 (Bkrtcy.D.Utah 1980). Such determination of a debtor's intent, however, must be supported by evidence beyond the mere numerical fact of reduced payment to unsecured creditors, and instead must be supported by evidence *aliunde* (though inclusive of the Court record itself) indicating that such bad faith subterfuge was indeed the Debtor's "primary purpose." See decisions by this Court in *Matter of Berry,* 5 B.R. 515, 6 B.C.D. 649, 2 C.B.C.2d 663 (Bkrtcy.S.D.Ohio 1980); *Matter of Wourms,* 14 B.R. 169 (Bkrtcy.S.D.Ohio 1981). This same principle has since been announced by the United States Circuit Court of Appeals for the Ninth Circuit *In Re Goeb,* (9th Cir.1982) 675 F.2d 1386, 6 C.B.C.2d 1208, 9 B.C.D. 175. Reversing and remanding, the Court of Appeals held that the Bankruptcy Court had not properly applied the good faith provisions of Section 1325(a)(3) as that section does not equate good faith with a substantial repayment effort. By itself, insubstantial repayment to unsecured creditors did not constitute bad faith. The Bankruptcy Court should have looked at all mitigating factors. For a similar ruling as to a nondischargeable debt, see decision by the Appellate Panel of the Ninth Circuit Court of Appeals *In Re Slade* (Bkrtcy.App.1981) 8 B.C.D. 558, B.L.D. ¶ 16852, 15 B.R. 910.

■ It is the determination of this Court that bad faith has not been demonstrated by the evidence of record. Although Debtor's gross income has increased, Debtor has convincingly explained why a corresponding increase in Plan payments was not possible, and why the payments as originally proposed constitute Debtor's "best efforts." The Court notes that even Debtor's increased income is meagre in relation to Debtor's necessary expenses and considerable scheduled debts (the bulk of which is wholly unrelated to the concerns of 11 U.S.C. § 523). No evidence of record supports the allegation that Debtor has filed solely for the purpose of accomplishing a liquidation with a Chapter 13 discharge, making this case readily distinguishable from the case law cited by Plaintiff. See *In re Smith,* 8 B.R. 543 (Bkrtcy.D.Utah 1981); *In re Marsch,* 11 B.R. 514, B.L.D. ¶ 68,058 (Bkrtcy.D.R.I.1981); and *In re Ponanski,* 11 B.R. 661 (Bkrtcy.D.R.I.1981).

■ The Court also notes that, absent evidence of demonstrated bad faith, the nondischargeability of a debt under 11 U.S.C. § 523 is, as a general rule, wholly unrelated to the confirmability of a Plan under 11 U.S.C. § 1325. 11 U.S.C. § 1325(a)(4) provides that a Chapter 13 plan must provide for payment to unsecured creditors of at least an amount equal to what would be paid had the debtor filed under Chapter 7. The fact of nondischargeability under 11 U.S.C. § 523, however, is irrelevant to the calculation of the amount of "payment *under Chapter 7*" as calculated in 11 U.S.C. § 1325(a)(4), which instead looks only to payment accomplished under the direct auspices of Chapter 7 administration without regard to a speculative right to payment which might arguably survive Chapter 7. It is not the purpose of 11 U.S.C. § 1325(a)(4) to litigate the dischargeability of a debt under the terms of 11 U.S.C. § 523 within the context of a Chapter 13 proceeding. Such interpretation would be inconsistent with the literal meaning of the statute and the statutory provision providing a separate test for discharge in Chapter 13 cases. 11 U.S.C. § 1328. Had Congress intended to incorporate the concerns of 11 U.S.C. § 523 into the Chapter 13 process, such incorporation would have been explicit.

Having found herein that the Debtor's Plan represents her "best efforts" and that Debtor has acted in good faith, (particularly in light of the overwhelming medical expenses scheduled) such a finding is tantamount to the conclusion that to impose further financial burdens upon the Debtor would constitute "an undue hardship on the debtor and the debtor's dependents" and would, even under § 523(a)(8)(B), render

the educational loan as probably excepted from the discharge.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant Complaint Objecting to Confirmation of Debtor's Plan is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's request for relief from the automatic stay of 11 U.S.C. § 362 is DENIED for failure to establish cause under 11 U.S.C. § 362(d).