**WRIGHT STATE UNIVERSITY,**
**Plaintiff,**

v.

**Michael & Linda NOVAK, Defendants.**

**In the Matter of Michael NOVAK,**
**Linda Novak, Debtors.**

**Adv. No. (A).**
**Bankruptcy No. 3–82–02197.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Dec. 3, 1982.

Ronald L. Burdge, Franklin, Ohio, for plaintiff.

George W. Ledford, Englewood, Ohio, Chapter 13 trustee.

Jeffrey P. Albert, Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FINDINGS OF FACT

The parties have submitted the question of confirmation of a Chapter 13 proposed plan on a stipulation of certain facts. The Court takes judicial notice of its own records.

It is agreed that Debtors do not have funds presently available to increase payments to creditors under a Chapter 13 plan, after payment of other family expenses.

---

Beginning in January, 1978, and continuing for the next 1½ years, Debtor Michael Novak commenced borrowing various amounts from Wright State University on its national direct student loan program, eventually totaling the sum of $2,580.00. The first payment became due in July, 1980 and Debtor made approximately 10 payments before defaulting. The balance now due and owing is $2,281.32.

The Debtor proposes to pay less than 1% of this obligation over 36 months, amounting to $14.82.

Both Debtors are employed as teachers and have purchased real estate located at 605 San Bernardino Trail, Union, Ohio with outstanding mortgages being paid "outside the Plan." They own two motor vehicles and household furniture not encumbered, except as to television sets and stereo recorder. The real estate has been appraised at $39,500.00 and is encumbered by two mortgages, totalling approximately $32,400.00 on 5 August 1982 when the Chapter 13 petition was filed.

They have two dependent children.

There is no evidence of any particular hardships suffered involuntarily by Debtors since the loan was incurred. Although not paid by the Trustee, the real estate mortgage loan obligations constitute a monthly payment obligation in their budget in the amount of approximately $565.00, of total monthly expenses in the amount of $1,311.75. Payments to the Trustee are $55.00 per month.

Michael earned about $17,000.00 gross per annum and Linda earned approximately $3,400.00 gross per annum for the last calendar year.

This Court has in numerous decisions held that the amount of the percentage distribution to unsecured creditors does not *ipso facto* establish the lack of good faith if the best interest of creditors test has been met and the budgetary limitations of a debtor leave no additional funds for distribution in excess of reasonable, feasible allocations to necessary living expenses for the family. See *Matter of Berry,* 5 B.R. 515, 6 B.C.D.

649 (Bkrtcy.1980), *St. Luke Federal Credit Union v. Wourms (In re Wourms)* 14 B.R. 169 (Bkrtcy.1981).

As pointed out by Judge Herbert (with extensive citations) *In Re Severs,* unreported Case No. 2–82–02807 (at Columbus, 11/15/82) ". . . courts have searched for a debtor's 'best effort,' and have attempted to decide whether 'substantial payments' or 'meaningful payments' are proposed in light of the record before them."

In this same regard, this Court concluded in *State of Ohio Student Loan Commission v. Renee R. Willis (In Re Willis)* 24 B.R. 293 at Dayton (Bkrtcy.1982), that "Having found herein that the Debtor's Plan represents her 'best efforts' and that Debtor has acted in good faith, (particularly in light of the overwhelming medical expenses scheduled) such a finding is tantamount to the conclusion that to impose further financial burdens upon the Debtor would constitute 'an undue hardship on the debtor and the debtor's dependents' and would, even under § 523(a)(8)(B), render the educational loan as probably excepted from the discharge."

Other factors, when viewed in connection with a proposed 5% distribution to unsecured creditors, may prevent plan confirmation. See *State of Ohio Student Loan Commission v. Wilkinson (In Re Wilkinson),* 24 B.R. 474 (Bkrtcy.1982) applying the rationale of *Willis* and *In Re Goeb,* 675 F.2d 1386, B.L.R. (CCH) ¶ 68702, 6 C.B.C.2d 1208 (CCA 9th 1982) and unreported decision of the Court of Appeals of the Fourth Circuit, in Case 81–2153 (1982) reversing *Deans v. O'Donnell,* 14 B.R. 997 (D.C.Va.1981).

Hence, the decisions by this Court have concluded that issues of "good faith" and "best interests of creditors" are evidentiary and a question of the burden of proof.

As pointed out in *Wilkinson,* if the question of the best interests of creditors is raised in connection with the nondischargeability of a student loan under 11 U.S.C. § 523(a)(8), the burden of proof shifts to a debtor to establish an undue hardship and that the "principal objective" of the Chapter 13 filing was not the discharge of the student loan, contrary to the spirit and intent of 11 U.S.C. § 523(a)(8)(B).

In the matter now *sub judice* the Debtor has not sustained this burden of proof in proposing a distribution on the student loan of less than 1%, and confirmation of the proposed Plan must be denied. The accumulation of an equity in real estate and exemptions is not in the best interest of the Chapter 13 creditors and must be litigated in a Chapter 7 context, together with the question of the discharge of the student loan.