**In the Matter of Donell GASTON Roberta O. Gaston, Debtors.**

**Bankruptcy No. 3–81–02385.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Dec. 14, 1982.

James F. Cannon, Dayton, Ohio, for debtors.

Gino Battisti, Cleveland, Ohio, for Kent State.

George Ledford, Englewood, Ohio, Trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon "Objections of Creditor Kent State University [hereinafter K.S.U.] to Confirmation of the Plan," filed on 9 March 1982. The parties have each submitted a memorandum of law. The following decision is based upon the parties' memoranda, the evidence adduced at the hearing, and the record.

K.S.U. essentially requests that the Court deny confirmation of Debtor's Chapter 13 Plan on the bases that the plan is neither proposed in good faith nor satisfies the best interest of the creditors test, as required by 11 U.S.C. § 1325(a). K.S.U. is an unsecured creditor herein based upon student loans to Debtor Roberta Gaston from 1977 to 1979. The alleged balance owing as of 1 August 1981 was $3,778.43. Debtors' Chapter 13 Plan proposes to pay 4% to all unsecured creditors, including K.S.U. K.S.U. argues that its claim would have been nondischargeable under 11 U.S.C. § 523(a)(8) had Debtors filed under 11 U.S.C. Chapter 7. On this basis, K.S.U. contends that Debtors' "nominal" 4% payment to K.S.U. constitutes a "bad faith" filing for the sole purpose of achieving the broader discharge available under 11 U.S.C. Chapter 13. 11 U.S.C. §§ 523(a) and 1328(a).

Debtors respond that the fact of a low percentage payment to unsecured creditors is not determinative of the issue of bad faith, and that no evidence of record indicates a bad faith intent on Debtors' part. Essentially, Debtors argue that, "There has been no showing by the creditor that the plan does not meet the standards set forth in 11 U.S.C. § 1325(a) and therefore [it] should be confirmed by the Court.... Absent a showing of proof of the allegations, the debtors contend that the objections must fall aside."

It is the determination of the Court, however, that the basic question to be decided is, as elaborated in this Court's opinion in *Matter of Novak,* Case No. 3–82–02197, Adv. (A) (December 3, 1982), whether the Debtors have sustained their burden of proof to establish that an undue hardship exists justifying discharge of the student loan and that the principal objective of the Chapter 13 filing was not the discharge of the student loans, which would be contrary to the spirit and intent of 11 U.S.C. § 523(a)(8)(B). See, also, as cited in the *Novak* opinion, decisions by this Court in *State of Ohio Student Loan Commission v. Willis,* 24 B.R. 293 (1982), and *State of Ohio Student Loan Commission v. Wilkinson,* 24 B.R. 474 (1982), and citation therein.

This Court's framing of the issue appears consonant with the Sixth's Circuit's views expressed in *dicta* within the recent opinion of *Memphis Bank and Trust Co. v. Whitman,* 692 F.2d 427 (1982), as follows:

The "good faith" requirement is neither defined in the Bankruptcy Code nor discussed in the legislative history. The phrase should, therefore, be interpreted in light of the structure and general purpose of Chapter 13. Obviously the liberal provisions of the new Chapter 13 are subject to abuse, and courts must look closely at the debtor's conduct before confirming a plan.... The view that the Bankruptcy Court should not consider the debtor's pre-plan conduct in incurring the debt appears to give too narrow an interpretation to the good faith requirement. *See, e.g., Matter of Kull,* 12 B.R. 654, 659 (D.C.S.D.Ga.1981) (among the facts a court should consider to determine

whether a debtor has acted in good faith are "the circumstances under which the debtor contracted his debts and his demonstrated bona fides, or lack of same in dealing with his creditors.")

One way to refuse to sanction the use of the bankruptcy court to carry out a basically dishonest scheme under Chapter 13 is to deny confirmation to the proposed plan. When the debtor's conduct is dishonest, the plan simply should not be confirmed. Unless courts enforce this requirement, the debtor will be able to thwart the statutory policy denying discharge in Chapter 7 cases for dishonesty.

Another way to deal with the problem when the conduct is questionable but is not shown to be dishonest, as the Bankruptcy Court found it to be in the instant case, is to require full payment in accordance with the contract.

Although the expression in the opinion referring to "dishonesty" seems too harsh for nearly every fact situation, including the facts *instanter*, the Sixth Circuit has enunciated a broad principle that, in essence, Bankruptcy Courts may require full payment within a Chapter 13 Plan of debt incurred on the basis of what is found to be "questionable conduct." Further, the Sixth Circuit has explicitly put forth that "questionable conduct" may be established as such by the simple determination of the discharge under Chapter 13 of otherwise nondischargeable debt if deemed nondischargeable under the general concerns of 11 U.S.C. § 523 and without the necessity of a determination of "dishonesty" *per se* on the part of the debtor.

As this Court has previously held, the concerns regarding the discharge of recently incurred student loans (i.e. student loans not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)) are *sui generis* within 11 U.S.C. § 523. Student loans typically involve lengthy repayment periods (usually ten years) with liberal default provisions. The numerical concerns of 11 U.S.C. § 1325, however, are limited to the Debtor's ability to fund a Chapter 13 Plan for purposes of debt payment over a period of typically three and up to five years, in essence accelerating student loan obligations if discharged through the plan for many Chapter 13 debtors, as in the case at bar. 11 U.S.C. § 1322(c); See also this Court's opinions in, *Matter of Berry*, 5 B.R. 515, 6 B.C.D. 649 (1980), and *St. Luke Federal Credit Union v. Wourms*, 14 B.R. 169 (1981). This Court has further determined, however, that bad faith might, nevertheless, be indicated by use of the Chapter 13 process for discharge of debt by debtors with potential income capacity to pay the student loan as contemplated when originally contracted, especially when such income capacity was often only obtainable because of education paid by the student loan. *Ohio Student Loan Commission v. Willis, supra; Ohio Student Loan Commission v. Wilkinson, supra,* and *Yarber v. Dept. of Health, Education and Welfare,* 19 B.R. 18 (1982). In essence, the Chapter 13 process should not be utilized by debtors to discharge student loans on the basis of the immediacy of other debts if the debtors demonstrate ability to pay their student loans under the original terms of the loan. Consequently, the key determination in regard to the dischargeability through Chapter 13 of student loans not dischargeable under 11 U.S.C. § 523(a)(8)(A), as aforementioned, is whether the Chapter 13 debtor has satisfied an evidentiary burden to establish an undue hardship and a principal objective of not discharging the otherwise nondischargeable debt. If the debtor is unable to satisfy these burdens, the Chapter 13 Plan should not be confirmed, unless specific provision is made for continued postdischarge payment as provided under the terms of the student loan, as permitted in 11 U.S.C. § 1322(b)(5), which states that a Chapter 13 plan may:

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

It is the finding of the Court that Debtors have not sustained their burden of proof, as discussed above. In this case, Debtors' joint income (despite present un-

deremployment of Debtor Donell Gaston) is $16,229.00. It appears from the record that there is no reason to believe that this income will not continue, and, in fact, appears likely to increase in the future. Debtor Roberta Gaston, employed as a school psychologist for $13,029.00, qualifies for her employment because of her past education, enabled, in part, by the subject student loan. Debtors do not list any dependents. In addition, well over half of their unsecured debt and approximately 40% of their aggregate debt is based upon various student loan debt apparently incurred by both Debtors. The subject student loan apparently became due in 1979. (The record does not indicate when Debtors' other student loans of record first became due.) There are no facts of record to indicate why Debtors would be incapable of resumed payment upon the subject student loan upon completion of the Chapter 13 process.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that confirmation of Debtors' Chapter 13 Plan is DENIED.

IT IS FURTHER ORDERED that Debtors are GRANTED two weeks LEAVE to amend their Plan conformably with the above reasoning.