**In re Dennis GEEHAN, Debtor.**

**Bankruptcy No. 3–85–02176.**

United States Bankruptcy Court, S.D. Ohio, W.D.

March 18, 1986.

nel in our Clerk's Office has any recollection of any such telephone requests. Perhaps Mr. Si-

James D. Ruppert, Alan J. Statman, Franklin, Ohio, for Wright State University.

Christopher Hawk, Dayton, Ohio, for debtor.

George W. Ledford, Englewood, Ohio, Trustee.

**DECISION AND ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN AND GRANTING 20 DAYS TO AMEND**

WILLIAM A. CLARK, Bankruptcy Judge.

This case is before the court upon the objection to the confirmation of the debtor's Chapter 13 plan filed by Wright State University. For the reasons set forth below, the court sustains the objection and denies confirmation as the plan is now proposed.

This decision is based upon the memorandum of counsel for Wright State University, the evidence adduced at the hearing and the record of this case of which the court takes judicial notice.

## FINDINGS OF FACT

Dennis Geehan is the owner and publisher of a small magazine called Ohio Family Magazine. Debtor's income was negligible in 1984 and 1985. The magazine had a net loss in the year 1985. A substantial majority of the $86,923.00 of scheduled debts

mon wrote and spoke to some other office.

resulted from expenses connected with the publishing of the Ohio Family Magazine. The first issue appeared in April 1984 within one year of the debtor's discharge in a Chapter 7 bankruptcy case filed in April 1983.

The debtor's plan provides for the payment of 10% to unsecured creditors over a period of five years. Wright State University has objected to confirmation of the plan because it will repay Wright State University only 10% of the $2,695.13 student loan. Wright State University asserts that the debtor evidences bad faith in paying only 10% of the student loan when the student loan is a nondischargeable debt under Chapter 7 and that debtor's use of the Chapter 13 discharge provisions is a flagrant abuse of the bankruptcy process. In its objections Wright State University argues that the debtor's expenses are inflated in providing for $250 per month for food, $145 for transportation, $100 per month for telephone, and prospective attorney fees of $2,500. The University also asserts that a lack of good faith of the debtor is evidenced by the plan providing for 60 months to repay only 10% to unsecured creditors of over $78,000 of debt incurred within the past two years and that the nondischargeable student loan will be substantially readjusted by the plan providing for only a 10% payment.

## CONCLUSIONS OF LAW

This court is particularly desirous of preventing debtors from avoiding the obligation incurred by loans for educational purposes when debtors have the means, potential, and ability to repay student loans which have permitted them to prepare themselves for well-paying positions in business and the professions.

A review of bankruptcy cases on the issue of confirmation of a Chapter 13 plan which adjusts the obligation of the debtor on a student loan reveals results covering a broad spectrum. The wide difference in results demonstrates that a Chapter 13 debtor's good faith is determined on a case by case basis. The court in *In re Gibson,*

45 B.R. 783 (Bankr.N.D.Ga., 1985) stated "... the test for good faith developed in the case law lends itself to a liberal construction." After discussing factors which may infer lack of good faith, the court found that individually those factors were not determinative, ending with the conclusion that the objectors should be given an opportunity to present authority that the debtors had not met their burden of showing good faith. A Virginia court in the case of *In re Paul R. Vensel, DDS.,* 39 B.R. 866 (Bankr.E.D.Va.1984) held that the debtor's Chapter 13 plan was offered in good faith even though debtor proposed only 11% repayment of his unsecured indebtedness and 53% of that indebtedness consisted of student loans when he planned to commit substantially all of his excess monthly income to repaying his creditors. This court placed emphasis upon Chapter 13 of the Bankruptcy Code and Congressional desire to encourage use of Chapter 13 by providing that option with a broader discharge than is available under Chapter 7. See 11 U.S.C. § 1328. This Virginia Bankruptcy Court decision is an example of liberal construction of the discharge provisions of Chapter 13 resulting in the denial of the objection to confirmation.

A consideration of cases decided by Judge Charles A. Anderson of this court reveals a metamorphosis ending with more emphasis upon Congressional intent to enforce the payment of student loans under 11 U.S.C. § 523(a)(8)(A) than upon the liberal discharge provisions of Chapter 13, 11 U.S.C. § 1328(b) and hardship provisions under 11 U.S.C. § 523(a)(8)(B). This court has difficulty establishing a clear standard with which to measure good faith or lack thereof. Each case must be decided individually recognizing that this court places the greater weight on the clearly stated Congressional mandate that student loans which have been due and owing for less than five years are nondischargeable.

There is a noticeable evolution from a soft stance to a hard stance against confirmation of plans involving the restructuring

of student loans. In *Ohio Student Loan Commission v. Willis,* 24 B.R. 293 (Bankr. S.D.Ohio W.D.1982) Judge Anderson found that a Chapter 13 plan calling for payment of 14% to unsecured creditors did not contain evidence of bad faith. That case suggested that lack of good faith must be supported by evidence "aliunde indicating that such bad faith subterfuge was debtor's primary purpose". The same court later in 1982 in *Ohio Student Loan Commission v. Wilkinson,* 24 B.R. 474 (Bankr. S.D.Ohio, W.D.1982) upheld the objection to confirmation where a joint debtor neither proposed to pay any amount on her educational loan nor acknowledged any responsibility for contributing to the payment of a loan under unchanged economic factors. The court confirmed the plan as to the husband but not as to the wife. This case demonstrated the court's finding of evidence "aliunde" the numerical fact of reduced payment of 15% to unsecured creditors.

In the later case of *Wright State University v. Novak,* 25 B.R. 459 (Bankr.S.D.Ohio W.D.1982) the court refused to confirm a plan calling for payment of 1% of the student loan where there was no evidence of any particular hardship suffered involuntarily by debtors. The case followed Wilkinson in recognizing the "best interest of creditors." The question is raised with the nondischargeability of a student loan under 11 U.S.C. § 523(a)(8) and provides "the burden of proof shifts to a debtor to establish an undue hardship and that the 'principal objective' of the Chapter 13 filing was not the discharge of the student loan contrary to the spirit and intent of 11 U.S.C. § 523(a)(8)(B)." *Novak,* p. 460.

Finally this court held *In the Matter of Gaston,* 25 B.R. 571 (Bankr.S.D.Ohio W.D. 1982) that the debtor's plan, which proposed to pay four percent to unsecured creditors, would not be confirmed as the debtors failed to sustain their burden of establishing that an undue hardship existed justifying discharge of their student loans

and that the principal objective of the Chapter 13 filing was not the discharge of such loans. The court reasoned:

> [S]tudent loans typically involve lengthy repayment periods (usually ten years) with liberal default provisions ... This court has further determined, however, that bad faith might, nevertheless, be indicated by use of the Chapter 13 process for discharge of debt by debtors with potential income capacity to pay the student loan as contemplated when *originally* contracted, especially when such income capacity was often only obtainable because of education paid by the student loan. (emphasis added) p. 573
>
> ... In essence, the Chapter 13 process should not be utilized by debtors to discharge student loans on the basis of the immediacy of other debts if the debtors demonstrate ability to pay their student loans under the original terms of the loan. Consequently, the key determination ... is whether the Chapter 13 debtor has satisfied an evidentiary burden to establish an undue hardship and a principal objective of not discharging the otherwise dischargeable debt. p. 573

The court further reasoned at page 573 that if the debtor was unable to satisfy the evidentiary burden:

> [T]he Chapter 13 plan should not be confirmed, unless specific provision is made for continued post-discharge payment as provided under the terms of the student loan, as permitted in 11 U.S.C. § 1322(b)(5) which states that a Chapter 13 plan may:
>
> > (5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due....

In the case *sub judice* the key determinants to confirmation of the Chapter 13 plan in addition to debtor's good faith in

filing are (1) whether the debtor has the potential income capacity to pay the student loan as contemplated when the loan was originally contracted; (2) Wright State University, the objecting creditor, will receive as much or more in the Chapter 13 plan than if the debtor's assets are liquidated; or (3) the Chapter 13 plan is amended to provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on the student loan on which the last payment is due after the date on which the final payment under the plan is due. Debtor, Dennis Geehan, has not offered evidence of hardship to demonstrate he is unable to pay the monthly payments of $30.00 on the student loan as he originally contracted to pay them absent the large debts which were incurred for the purpose of publishing Ohio Family Magazine. The evidence does show that the debtor's living expenses are reasonable in light of his circumstances although somewhat elevated as to monthly food, telephone service, and transportation expenses. Debtor's economical rent and other expenses appear prudent for his circumstances. The attorney fee of $2,500 should be reduced to $750.00 until proper authentication is made by application to the court demonstrating additional time and effort required in this Chapter 13 case in excess of $750.00 for legal services.

There is no evidence to indicate why the debtor cannot make regular payments on the student loan of Wright State University after the Chapter 13 plan is completed.

It is therefore ORDERED, ADJUDGED AND DECREED that confirmation of the debtor's Chapter 13 plan is DENIED.

It is FURTHER ORDERED that debtor is granted 20 days within which to amend his plan classifying Wright State University in a separate category from other unsecured creditors to provide for the payment of the arrearage of the student loan in full during the period of the plan and for the payment of the regular monthly payments under the plan.