**In re Winifred DOERSAM, Debtor.**

**Bankruptcy No. 3–85–02397.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 18, 1986.

Gregory Severance, Columbus, Ohio, for Student Loan Com'n.

George W. Ledford, Englewood, Ohio, Trustee.

Charles Fox, Dayton, Ohio, for debtor.

## OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the objection to confirmation filed by State of Ohio, Ohio Student Loan Commission. The court has considered the evidence presented at the hearing, arguments of counsel, contents of the Chapter 13 bankruptcy case file, and judicial notice of the bankruptcy file.

## FACTS

The debtor filed a Chapter 13 plan on November 6, 1985 approximately six weeks before her graduation from the University of Dayton with a Master's Degree in computer science. Her plan provided for the payment of 19% to unsecured creditors in payments over a period of 36 months. Included in her schedules are two student loans, one for $5,000 and one for $10,000 payable to First Federal Savings & Loan of Lima, Ohio. The $5,000 student loan obligation of the debtor is as a co-signer for her daughter's student loan. The $10,000 obligation is the total amount of three student loans made to the debtor by First Federal Savings & Loan and guaranteed by the Ohio Student Loan Commission.

The debtor moved to dismiss the objection on the grounds that the objection to confirmation was filed after the deadlines for objections on December 24, 1985. The objection by the State of Ohio, Ohio Student Loan Commission was served December 31, 1985 and filed in the Court January 6, 1986. The debtor did not list the State of Ohio, Ohio Student Loan Commission and guarantor on the loans as a creditor in her schedules.

The counsel for the State of Ohio, Ohio Student Loan Commission represented that his client received notice of the Chapter 13 filing on December 27, 1985, three days after the bar date for filing objections.

The debtor obtained a Bachelor's Degree in education in 1958 and a Master's Degree in education in 1967 from Wittenberg University. While working on her Master's Degree in computer science, she obtained a position as a systems analyst at NCR Corporation which required the Master's Degree for her to qualify for her systems analyst position at a salary of from $22,000 to $24,000 annually. The debtor lists as dependents her twenty-three year old daughter and one year old grandchild. The daughter now works in the Ohio Work Program for which she is paid a small salary. The program is designed to reduce welfare rolls by aiding welfare and Aid to Dependent Children recipients to become self-suffi-

cient. The debtor is married to her second husband who is not a party to the Chapter 13 case. The debtor's schedules provide for payment of rent of $300.00 per month and food of $400.00 per month for herself and her claimed dependent daughter and granddaughter.

The debtor has made no election as to length of payment of her student loan which will not become due until about June, 1986.

## ARGUMENT OF THE PARTIES

Debtor's counsel objects and has moved to dismiss the State of Ohio, Ohio Student Loan Commission objection to confirmation on the grounds that it was filed late. In response, the State of Ohio, Ohio Student Loan Commission argues that it received no notice of the filing of the Chapter 13 within the period during which objections were to be filed, because the Ohio Student Loan Commission, guarantor of the loan, was not listed in the schedules by the debtor.

The Ohio Student Loan Commission argues that the plan was filed in bad faith because of the low percentage of payment offered to unsecured creditors, a failure to use the best efforts in payments by the debtor and lack of substantial and meaningful payments to the unsecured creditors. Ohio Student Loan Commission further argues that the student loans are characterized as long-term debts under 34 C.F.R. § 682.507(b)(1) and that the student loan should be treated as a long-term debt under the provisions of 11 U.S.C. § 1322(b)(5). The code section prevents the discharge of the student loans as long-term unsecured debts under 11 U.S.C. § 1328(c)(1).

## ISSUES

1) Does the late filing by the State of Ohio, Ohio Student Loan Commission prevent an objection to the confirmation of the plan?

2) Has debtor filed the plan in bad faith violating 11 U.S.C. § 1325(a)(3) because of a 19% payment to unsecured creditors, fail-

ure to use debtor's best efforts, and lack of substantial and meaningful payments.

3) Is a student loan, payable from five to ten years after graduation as provided in 34 C.F.R. § 682.507(a) and (b), a long-term debt which is not dischargeable under the provisions of 11 U.S.C. § 1328(c)(1)?

## DECISION

■ The Court finds that the debtor having failed to list State of Ohio, Ohio Student Loan Commission in the schedules may not object to the filing of the objection to confirmation. The Ohio Student Loan Commission filed its objection in a timely manner after receiving actual notice of the filing of the Chapter 13 schedules. The debtor is a college graduate who is charged with knowledge of the status of Ohio Student Loan Commission as guarantor as described in the three original notes she signed with the bank as well as guarantor. *In re Barnett*, 42 B.R. 254 (Bankr.S.D.N.Y. 1984). Debtor was obligated to list in her schedules the guarantor as well as the lending institution since she had actual knowledge or by reasonable inquiry could have acquired such information. In the interest of due process, debtor is required to give actual notice of the filing to the guarantor of a debtor student loan in time to permit timely filing by the creditor. *Id.* Having failed to give the notice in accordance with due process, debtor may not complain that the objection to confirmation was filed late, the filing being on January 6, 1986 the day before the hearing on confirmation of the plan.

■ On the question of the debtor's alleged bad faith in filing the plan because it is a "low percentage of payment", failure to use best efforts, and lack of substantial meaningful payment, the debtor argues that 19% repayment is not an insignificant repayment plan and that the debtor is using her best efforts to make repayment. While the Court agrees that a 19% payment is not insignificant, determination of "bad faith" requires more than measuring the size of payments. The factors to be considered are difficult to exactly define or

list. Rather than considering the elusive bad faith question, this court agrees with the court in *In Matter of Novak*, 25 B.R. 459 (Bankr.S.D.Ohio W.D.1982), which stated the debtor has the burden of proving that an undue hardship exists justifying discharge of the student loan and that the principle objective of the Chapter 13 filing was not the discharge of the student loans. The discharge of student loans is contrary to the spirit and intent of 11 U.S.C. § 523(a)(8)(B).

■ The prior decisions of Judge Charles A. Anderson are helpful on this question as noted in *State of Ohio, Student Loan Commission v. Willis*, 24 B.R. 293, 9 BCD 1252 (Bankr.S.D.Ohio 1982); and *State of Ohio v. Wilkinson*, 24 B.R. 474 (Bankr.S.D. Ohio 1982); *In re Gaston*, 25 B.R. 571 (Bankr.S.D.Ohio 1982). In the instant case debtor has scheduled $16,379.00 as unsecured debt of which $10,000 is the student loan in question.

Whether the debtor is making a substantial and meaningful payment begs the question of whether under the totality of circumstances in this case, the debtor's Chapter 13 plan constitutes an abuse of the provisions, purpose or spirit of Chapter 13.

The determining factors in this case are the debtor's circumstances before and after the filing of her Chapter 13. The debtor borrowed the money for the purpose of increasing her education, obtaining a Master's Degree, with the immediate result of qualifying her for a position paying $22,000 to $24,000 per year as a computer systems analyst. The student loan is more than two-thirds of her unsecured debt. She has claimed as dependents her adult daughter, who works part-time and has received welfare benefits for herself and debtor's grandchild. This Court cannot accept the debtor's contention that the adult daughter and minor grandchild are debtor's dependents. Therefore, her budgeting of $400.00 for food monthly for herself is exaggerated. An analysis of the evidence and debtor's Chapter 13 petition leads this court to the conclusion that the debtor has failed to

satisfy the burden enunciated in *Matter of Novak,* supra, and *Matter of Gaston,* supra, to establish that an undue hardship justifying discharge and that her principal objective in filing Chapter 13 was not to discharge the otherwise nondischargeable student loans. For these reasons the Chapter 13 plan should not be confirmed.

On the third issue raised by the State of Ohio, Ohio Student Loan Commission that the student loan is long-term debt, the court agrees. Student loans are payable over a period of not less than five and as long as ten years, if the debtor selects such repayment period, 34 C.F.R. § 682.507(b).

The court therefore DENIES confirmation of the plan. After the consideration of all of the circumstances the court notes that the debtor's income capacity was increased as the result of the education she received with the aid of her student loan. Her student loans are two-thirds of her unsecured debt. Those factors and the apparent exaggerated budget for questionable dependents requires this court to deny confirmation of her plan for many of the same reasons that the court denied confirmation in the case of *In the Matter of Gaston,* supra. All of these factors indicate there is no hardship situation which would prevent debtor from paying the extended payments permitted on the student loans when they become due. The debtor may obtain confirmation of a modified plan providing for long-term payments on the student loans if such modified plan is filed within 20 days from the entry journalizing this decision. In conformance with this decision, the motion of debtor to dismiss the objection to confirmation is DENIED, and the objection to confirmation of the plan is SUSTAINED.