**In re Patrick NEWBERRY, Debtor.**

**Bankruptcy No. 287–02416–A–13.**

United States Bankruptcy Court,
E.D. California.

Feb. 18, 1988.

James E. Holst, Christine Helwick, Eric K. Behrens, Melvin W. Beal, Berkeley, Cal. for the Regents of The University of California.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LOREN S. DAHL, Chief Judge.

The objection to confirmation by creditor, The Regents of the University of California (The Regents), to the Chapter 13 plan of Patrick Newberry (Newberry) was heard before this court on November 10, 1987. Eric K. Behrens, Esq., appeared and argued on behalf of objecting creditor, The Regents. W. Scott de Bie of the Law Offices of Max Cline appeared and argued on behalf of the debtor, Newberry. The court having considered the proceedings and other documents filed herein and the argument of counsel, makes the following factual and legal findings pursuant to Bankruptcy Rule 7052 in support of its decision to deny confirmation of Newberry's proposed Chapter 13 plan:

## I. FACTS

1. On April 28, 1987, Newberry filed a Chapter 13 proceeding in which he proposed to repay 25 percent of the amounts proved and allowed for unsecured claims over a period of approximately 36 months.

2. Newberry's Chapter 13 Schedule of Debts, executed on May 18, 1987, indicated that he proposed to make a 25 percent payment on a total of $16,488.52 in unsecured debts.

3. Two–thirds of the unsecured debt which Newberry proposed to pay off at 25 cents on the dollar, a total sum of $10,982.62, consisted of student loan debts.

4. The repayment of student loan debts is the principal means to replenish the fund from which moneys are drawn to provide loans to future students who need assistance in funding their education. If Newberry's plan were confirmed, he would be repaying $2,708.48 on his total student loan debt and discharging $8,274.14 in student loan obligations. Thus, if his plan were confirmed, $8,274.14 would no longer be available for the pool of revolving funds for student loans.

5. On September 1, 1987, The Regents, which was owed $6,744.06 in student loan debts by Newberry, filed a timely objection to confirmation of Newberry's Chapter 13 plan.

6. The Regents' promissory notes that Newberry executed provide for a lengthy 10–year repayment period for his student loans, which require aggregate quarterly payments of $219, or approximately $73 per month, a sum which includes nominal interest rates of 4 percent on one of his loans and 3 percent on his remaining three loans. The Regents objected to Newberry's Chapter 13 plan primarily on the ground that it fails to conform with the requirement imposed by Bankruptcy Code section 1325(a)(3) which requires that "the plan has been proposed in good faith and not by any means forbidden by law." The University alleged the following facts, which this court finds have been satisfactorily proven, in support of its contention that Newberry's Chapter 13 plan was not proposed in good faith:

a. The Regents loaned money from its pool of funds available for student loans to Newberry in good faith to enable him to pursue his higher education;

b. In a further act of good faith, The Regents negotiated a hardship deferment for Newberry in April of 1983 when his loans first became due;

c. Shortly before filing his Chapter 13 proceeding, Newberry approached The Regents to obtain the release of his transcripts in order to attend graduate school. Since he was delinquent on his student loans, The Regents developed a one-year partial payment plan for Newberry and requested he obtain a cosigner for a portion of his debt in order to release his transcripts;

d. At that time, The Regents also informed Newberry that should he enroll in graduate school on at least a half-time basis he would be eligible for a deferment on his student loans. Despite The Regents' attempts to facilitate Newberry repaying his loans in the manner described above, Newberry's sole response was to file this Chapter 13 proceeding;

e. The Newberry Chapter 13 plan was not filed in good faith since its primary or principal purpose was to discharge otherwise nondischargeable student loan debt as evidenced by: (i) the timing of his Chapter 13 filing (immediately after The Regents would only release his transcripts under certain conditions); (ii) the relatively small amount The Regents would receive under the plan as compared to the total obligations due; (iii) Newberry's limited efforts to repay his student loan debt outside of bankruptcy; and (iv) the fact that the amount of total student loan debt was two-thirds of the total unsecured debt Newberry's plan proposed to repay.

f. Newberry's educational debts, payable over 10 years, are long-term obligations whose last payment is due after the date on which the final payment is due under Newberry's plan. Thus, Newberry's plan could have maintained payments due while his case was pending and could have provided for the curing of his defaults under section 1322(b)(5) and thereby paid off his educational loans in full.

Any fact found above which may be deemed to be a legal conclusion is incorporated into the Conclusions of Law section below, and any legal conclusion which may be deemed a factual finding is incorporated into the Facts section above.

## II. CONCLUSIONS OF LAW

7. The Regents' objection to confirmation is a core proceeding pursuant to 28 United States Code section 157(b)(2)(L) (Supp. II 1984).

8. This Court has jurisdiction over this matter pursuant to 28 United States Code section 1334 and 28 United States Code section 157(a) and (b)(1).

9. Whether a Chapter 13 plan has been filed in good faith as required by 11 United States Code section 1325(a)(3) is determined on a case-by-case basis by examining the particular features of the proposed plan. (*In re Goeb* (9th Cir.1982) 675 F.2d 1386, 1390; see also Aiello and Behrens, Student Loans, Chapter 13 of the Bankruptcy Code, and the 1984 Bankruptcy Amendments, (1986) 13 J.Coll. & U.L. 1, 12 (hereafter Aiello & Behrens).)

10. Standing alone, the fact that Newberry proposed his Chapter 13 plan in the hope of discharging student loan debts which are otherwise nondischargeable in a Chapter 7 case under 11 United States Code section 523(a)(8)) is an insufficient ground for denying confirmation on the basis of the lack of good faith. (*In re Estus* (8th Cir.1982) 695 F.2d 311, 317; *In re Makarchuk* (Bankr. N.D.N.Y. 1987) 76 B.R. 919, 923.)

11. However, "where the debtor's Chapter 13 plan has as its primary or principal purpose the discharge of otherwise nondischargeable student loan debt, in essence accelerating the obligation by a Chapter 13 plan, confirmation has been uniformly denied." (*In re Makarchuck, supra,* 76 B.R. at 923; see also *State Education Assistance Authority v. Johnson* (E.D.Va.1984) 43 B.R. 1016, 1022; *In re Perez* (Bankr.E. D.N.Y.1982) 20 B.R. 879, 884; *Matter of Gaston* (Bankr.S.D.Ohio 1982) 25 B.R. 571, 573; *In re Dalby* (Bankr.D.Utah 1984) 38 B.R. 107; *Matter of Akin* (Bankr.D.Neb. 1985) 54 B.R. 700, 702; *In re Vance* (Bankr.D.Minn.1985) 49 B.R. 973, 976; see also Aiello & Behrens, *supra,* at 21.) This consistent conclusion of the bankruptcy courts is based in part on the public policy served by the student loan program under which loans are granted only upon the debtor establishing need as contrasted to commercial loans which are granted only upon a showing of creditworthiness and ability to make repayment. (See *State Education Association Authority v. Johnson, supra,* 43 B.R. at 1021–22.)

12. Facts to consider in determining whether a debtor's primary or principal purpose in proposing his Chapter 13 plan is

**684**

to discharge student loans include the following:

(a) The timing of the bankruptcy filing as compared to when the first payments are due under the original terms of the student loan (*In re Sanabria* (N.D.Ill.1985) 52 B.R. 75, 77);

(b) "The circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors" (*In re Kull* (S.D.Ga.1981) 12 B.R. 654, 659, affd. *In re Kitchens* (11th Cir.1983) 702 F.2d 885.);

(c) The amount of payments under the plan as compared to payments required on the student loans (*In re Perez, supra,* 20 B.R. at 883);

(d) The debtor's efforts, or lack thereof, to repay his/her student loan debt outside of bankruptcy (*State Education Assistance Authority v. Johnson, supra,* 43 B.R. at 1021);

(e) The amount of total student loan debt vis-a-vis other unsecured debt (*In re Makarchuk, supra,* 76 B.R. at 924);

For a general discussion of these and other factors to consider in evaluating good faith in Chapter 13 proceedings involving student loans see also Aiello & Behrens, *supra,* at 22–23.

 13. The burden is on the debtor to prove that "the principal purpose behind [his] plan is consistent with the spirit and purpose of Chapter 13, and is not primarily for the discharge of the otherwise nondischargeable educational loan debt." (*In re Makarchuk, supra,* 76 B.R. at 924, citing *Wright State University v. Novak (In re Novak)* (Bankr. S.D.Ohio 1982) 25 B.R. 459, 468.)

14. The "purpose and spirit of Chapter 13 is rehabilitation and repayment.... Congress never intended, of course, that Chapter 13 serve as a haven for debtors who wish to receive a discharge of unsecured debts without making an honest effort to repay those debts." (*In re Twila Rae Williams* (Bankr.Ark.1984) 42 B.R. 474, 475; accord, *Deans v. O'Donnell* (4th Cir.1982) 692 F.2d 968, 972.)

 15. Newberry could have filed a good faith plan by providing that payments on his student loans (his only long-term unsecured debts) be maintained during his plan and that defaults be cured under his plan pursuant to 11 United States Code section 1322(b)(5). (See *Matter of Gaston, supra,* 25 B.R. at 573.) Such a confirmable plan would pay off his educational loans in full and make the funds loaned to Newberry available for future needy students.

16. On the basis of the facts as outlined in paragraph 6, *supra,* and under the applicable law outlined above, this Court concludes that the debtor's plan was not proposed in good faith as required by 11 United States Code section 1325(a)(3) and therefore denies confirmation of the Newberry plan.